UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Polansky

   v.                                              Civil No. 16-cv-256-LM

New Hampshire Department
of Corrections et al.[1]

### REPORT AND RECOMMENDATION

Christopher Polansky, a former Northern New Hampshire Correctional Facility ("NCF") inmate currently on parole, has sued the New Hampshire Department of Corrections ("DOC"); DOC Commissioner William Wrenn; NCF Warden Michelle Goings; and DOC health care providers, claiming that they are liable to him for violating his federal constitutional rights and for torts perpetrated while he was at the NCF.  Before the court are Polansky's motions for a preliminary injunction (doc. nos. 11-14), and his motion for an expedited ruling (doc. no. 10), through which Polansky seeks a hearing on his claims seeking injunctive relief for alleged violations of his Eighth Amendment

---

[1]In addition to the New Hampshire Department of Corrections ("DOC") and DOC Commissioner William Wrenn, plaintiff names the following defendants in their individual and official capacities:  Northern New Hampshire Correctional Facility Warden Michelle Goings; Jeff Fetter, M.D.; and Marvin Kendall, M.D.

rights at the NCF. The court has referred those motions to the magistrate judge for issuance of proposed findings of fact and a recommendation as to disposition of those motions.

## Background

Polansky was an NCF inmate when he filed this action, but he has since been released on parole. He obtained medical parole and moved, on July 1, 2016, to a medical facility in Texas that is not part of the New Hampshire state prison system. See Doc. No. 8, at 3. In this action, Polansky seeks a hearing and preliminary injunctive relief on his claims regarding the conditions of his past confinement at NCF, including his claims that he received inadequate treatment for pain at NCF, inadequate care for his paraplegia and the mattress that caused or contributed to his bed sores, insufficient bathing and recreational opportunities at NCF, inadequate therapeutic care, and inadequate care for other medical conditions. None of his claims relate to his present circumstances in Texas.

## Discussion

To obtain a preliminary injunction, a plaintiff must establish "that he is likely to succeed on the merits, that he

is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The burden of proof on a motion for preliminary injunction is on the movant. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

The court may rule on a motion for a preliminary injunction on the papers if it has before it "'adequate documentary evidence upon which to base an informed, albeit preliminary conclusion,'" and the parties have been afforded "'a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions.'" Campbell Soup Co. v. Giles, 47 F.3d 467, 470-71 (1st Cir. 1995) (citations omitted). Plaintiff's requests for a preliminary injunction may be resolved on the record here, without need for an evidentiary hearing, as the material facts are contained within the four corners of the complaint.

Each of Polansky's motions for preliminary injunctive relief should be denied, without a hearing, because Polansky is no longer an NCF inmate. He lives, sleeps, and receives medical care, therapies, and recreational opportunities at a facility

neither owned, nor operated, by the DOC. Polansky has not shown that there is any substantial likelihood that he will return to the NCF. Polansky's parole and release to the facility in Texas has thus mooted his claims for prospective injunctive relief. See Nasious v. Colorado, 495 F. App'x 899, 903 (10th Cir. 2012) ("'hypothetical possibility that [the plaintiff], a former inmate on supervised release, will violate the terms of that supervised release and be returned to the same prison and same conditions of confinement cannot save an otherwise moot claim for prospective injunctive relief relating to prison conditions'" (citation omitted)). The motions for a preliminary injunction (doc. nos. 11-14) and for a hearing on those motions (doc. no. 10) should therefore be denied.

## Conclusion

For the reasons set forth above, the district judge should deny each motion for a preliminary injunction (doc. nos. 11-14) and Polansky's motion for a hearing on those motions (doc. no. 10). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's

order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 7, 2016

cc: Christopher Polansky, pro se